# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL L. LAYTON, | : | CIVIL NO. 10-737 |
| Petitioner, | : | |
| vs. | : | |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

## MEMORANDUM AND ORDER

**Joyner, J.**                                              **April 18, 2011**

Pending before the Court is a Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Samuel L. Layton ("Petitioner"). (Doc. No. 1.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

## BACKGROUND

In May 2002, Petitioner was arrested, and subsequently indicted, on twenty counts of first degree rape, one count of second degree rape, two counts of continuous sexual abuse of a child, two counts of sexual extortion, forty-five counts of second degree unlawful sexual contact, and sixty-seven counts of endangering the welfare of a child. The charges involved two young girls who lived with Petitioner and their mother at

Petitioner's home between December 1999 and June 2001. The abuse began when the girls were ages five and nine, and continued until the older child reported the abuse at the age of twelve. Layton v. State, 892 A.2d 936 (Table), 2003 WL 22001181, at *1 (Del. Aug. 4, 2003).

In August 2002, the State nolled prossed 126 of the 137 charges. (Doc. No. 12 at p. 1 n.1.) Thereafter, in December 2002, a Delaware Superior Court jury found Petitioner guilty of four counts of first degree rape, six counts of second degree unlawful sexual contact, and one count of continuous sexual abuse of a child. Layton, 2003 WL 22001181, at *1. He was sentenced to eighty-four years of imprisonment, suspended after seventy-two years for probation. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. Id.

On July 17, 2006, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Court Rule 61 ("Rule 61 motion"), which was denied in January 2007. State v. Layton, 2007 WL 80944 (Del. Super. Ct. Jan. 8, 2007). The Delaware Supreme Court affirmed that judgment in September 2007. Layton v. State, 933 A.2d 1250 (Table), 2007 WL 2582181 (Del. Sept. 7, 2007). Petitioner filed a second Rule 61 motion on March 8, 2010, which the Superior Court denied on March 12, 2010. State v. Layton, 2010 WL 5551920 (Del. Mar. 12, 2010). The Delaware Supreme Court affirmed that

decision on August 3, 2010.  Layton v. State, 2 A.3d 74 (Table), 2010 WL 3027047 (Del. Aug. 3, 2010).

Petitioner filed the instant Petition for federal habeas relief in August, 2010, asserting four grounds for relief:[1] (1) the trial court committed reversible error when it denied Petitioner's motion to dismiss the first degree rape counts of the indictment; (2) the Superior Court abused its discretion in refusing to hold an evidentiary hearing; (3) trial counsel provided ineffective assistance at trial and on appeal; and (4) the Superior Court erred in dismissing Petitioner's ineffective assistance of counsel claim. (Doc. No. 1.) Respondents' Answer asserts that the Court should dismiss Claims One and Two for failing to raise issues cognizable on habeas review, and also that the Court should dismiss the entire Petition as untimely or because all the claims are procedurally barred. (Doc. No. 12.) The Court concurs with the State's contention that Claims One and Two are not cognizable on federal habeas review,[2] but will deny

---

[1] The Petition actually asserts a total of five claims, two of which allege ineffective assistance of counsel; the Court has combined the allegations concerning counsel's performance into one all-inclusive ineffective assistance of counsel claim.

[2] When viewed in conjunction with Petitioner's state court filings, Claim One appears to assert that the State erroneously charged him with first degree rape for the sexual acts he forced one girl to perform on the other and that the State should have charged him with sexual extortion. This argument, however, fails to assert a proper basis for federal habeas relief, because it alleges that the State and Delaware courts misapplied Delaware statutory law. See Swarthout v. Cooke, __ U.S. __, 131 S.Ct.

3

the Petition in its entirety as time-barred.

**DISCUSSION**

*A. Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or

---

859, 861 (2011)("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"). Claim Two also fails to assert an issue cognizable on federal habeas review, because it asserts that the state court erred in refusing to conduct an evidentiary hearing during Petitioner's state collateral proceeding. See Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)(holding that the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.")(emphasis in original); see also Lambert v. Blackwell, 387 F.3d 210, 247 (3d Cir. 2004)("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief").

claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition, dated August 2010, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). The Court cannot discern any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final upon expiration of the ninety-day time period allowed for seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999); Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Supreme Court issued its mandate affirming affirmed Petitioner's convictions and sentences on August 26, 2003, and Petitioner did not seek certiorari review. (Doc. No. 14, Del. Super. Ct. Dkt. Entry 54); See Jackson v. State, 654 A.2d 829, 833 (Del. 1995)(direct appeal process for Delaware Supreme Court is complete on the date that Court issues its mandate pursuant to Del. Supr. Ct. R. 19) Therefore, Petitioner's conviction became final on November 24, 2003.

Applying the one-year limitations period to that date,

5

Petitioner had until November 23, 2004 to timely file his Petition. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions). Petitioner, however, filed the instant Petition on August 25, 2010, more than five and one-half years after the expiration of AEDPA's limitations period. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(pursuant to the prison mailbox rule, the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date). Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. See 28 U.S.C. § 2244(d)(2) (statutory tolling); Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010) (equitable tolling). The Court will discuss each doctrine in turn.

*B. Statutory Tolling*

Pursuant to § 2244(d)(2), "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" will toll the AEDPA's one-year limitations period during the time the collateral proceeding is pending, including any post-conviction appeals, provided that the application for collateral review is filed prior to the expiration of the AEDPA's one-year period. See 28 U.S.C. §

2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61 motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Here, Petitioner filed his first Rule 61 motion on July 17, 2006, and his second Rule 61 motion on March 8, 2010, both of which were filed well after the expiration of the AEDPA's limitations period in November 2004. Thus, neither of these post-conviction motions have any statutory tolling effect under § 2244(d)(2).

*C. Equitable Tolling*

AEDPA's limitations period may be tolled for equitable reasons in appropriate cases. Holland, 130 S.Ct. at 2560. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[3] mere excusable neglect is insufficient. Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;

---

[3]Holland, 130 S.Ct. at 2562.

>    (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>    (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

In this case, Petitioner has failed to demonstrate that he exercised the level of diligence in pursuing relief that is necessary to warrant equitable tolling.[4] Additionally, Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstances prevented him from timely filing the instant Petition. And, to the extent Petitioner erred in his computation of AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation

---

[4] For instance, Petitioner filed his first Rule 61 motion one month prior to the expiration of Delaware's limitations period under Rule 61(i)(1), which was almost a full two years after the expiration of AEDPA's limitations period. In turn, Petitioner waited another three years after the Delaware Supreme Court's September 2007 decision regarding his first Rule 61 motion to file the instant Petition. Both of these delays demonstrate that Petitioner failed to diligently pursue his rights.

omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Thus, equitable tolling is not warranted in this case. Accordingly, the Court will dismiss the Petition as time-barred.[5]

   *D. Motion for Appointment of Counsel*

Petitioner filed a Motion for Appointment of Counsel during the pendency of this proceeding. (Doc. No. 15.) Having already determined that the Petition must be dismissed as time-barred, the Court will deny the Motion as moot.

**CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. Rule 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v.

---

[5]Given the Court's conclusion that the Petition is time-barred, the Court need not address the State's alternative argument that the claims should be denied as procedurally barred.

McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that the instant Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

**CONCLUSION**

For the reasons discussed, Petitioner's Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (Doc. No. 1.)

An appropriate Order will be entered.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL L. LAYTON, | : | CIVIL NO. 10-737 |
| Petitioner, | : | |
| vs. | : | |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 18th day of April, 2011, upon consideration of Petitioner's Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 (Doc. No. 1.), and the State's Answer (Doc. No. 12.), **IT IS HEREBY ORDERED** that:

1. The Petition is **DENIED** as time-barred.

2. Petitioner's Motion for Appointment of Counsel is **DENIED** as moot.

3. A certificate of appealability will not issue, because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2). The Clerk shall close this case.

BY THE COURT:

s/J. Curtis Joyner
J. CURTIS JOYNER, J.